

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
New York Direct Dial:  (929) 506-5270
FAX (212) 336-3625
Website:  www.eeoc.gov

March 27, 2024

Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

> Application **GRANTED.** The filings at Dkt. Nos. 12 and 13 are accepted as substitutes for Dkt. Nos. 3 and 4 and deemed timely filed. The Clerk of Court is respectfully directed to strike Dkt. No. 4-12, and to close the motion at Dkt. No. 11.
>
> Dated: April 1, 2024
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re: *Equal Employment Opportunity Commission v. Amazon.com Services, Inc.*
Case No. 1:24-mc-125-lgs

Dear Judge Schofield,

The United States Equal Employment Opportunity Commission ("EEOC") writes this letter to request that this Court strike and remove from the electronic case file ECF No. 4-12.[1] The requested document is Exhibit L to Investigator Dana Marucci's Declaration and contains her privileged investigative work product. The EEOC also requests the Court accept the filing of the corrected Memorandum of Law and Marucci Declaration (filed contemporaneously with this letter motion) as substitutes to the original filings (ECF No. 3 and 4). Amazon has consented to the EEOC's requests contained in this letter motion.

EEOC filed its initial Petition to Enforce Administrative Subpoena and supporting documents on March 15, 2024. *See* EEOC's Pet. to Enforce and supporting documents, ECF Nos. 1, 3, 4 and 7. On March 25, 2024, Amazon attorney David Schnitzer alerted the EEOC that Exhibit L to Dana Marucci's Declaration, ECF No. 4-12, which purported to be a copy of a spreadsheet provided to EEOC by Amazon, was not in fact a correct copy. The EEOC immediately reviewed its filing and other investigative documents to determine how the error occurred. It was discovered that the spreadsheet attached as Exhibit L was not the original supplied by Amazon, but rather reflected the spreadsheet provided by Amazon *plus* Investigator Marucci's investigative work product—i.e., her notes and mental impressions of the documents produced by Amazon. In filing this work product as Exhibit L, EEOC inadvertently disclosed privileged investigator work product protected by the government deliberative process privilege, and thus the document should be removed from the Electronic Case Filing system.

"An inter— or intra-agency document may be withheld pursuant to the deliberative process privilege if it is: (1) predecisional, i.e., prepared in order to assist an agency decisionmaker in arriving at his decision, and (2) deliberative, i.e., actually ... related to the process by which policies

---

[1] On March 26, 2024, the undersigned attorney along with Amazon attorney David Schnitzer called chambers to inquire the most appropriate way to make this request. The clerk advised to file this letter motion and the corrected documents contemporaneously.

are formulated." *Nat'l Council of La Raza v. Dep't of Just.*, 411 F.3d 350, 356 (2d Cir. 2005) (quotations and citation omitted). Here, the document in question is predecisional, as it was prepared to inform the EEOC's eventual decision on whether or not Amazon discriminated against its pregnant employees. The document is also deliberative because it contains the investigator's mental impressions and interpretations of documents supplied by Amazon in furtherance of EEOC's eventual determination. *See Commodity Futures Trading Comm'n v. Royal Bank of Canada*, No. 12 CIV. 2497 AKH, 2013 WL 1932120, at *1 (S.D.N.Y. May 8, 2013) ("The deliberative process privilege protects documents 'assessing whether [a government agency's] investigation should proceed to the next stage in the investigatory process." (quoting *Davis v. Fed. Trade Comm'n*, 1997 WL 73671, at *2 (S.D.N.Y. Feb. 20, 1997))).

Where, as here, there is no debate between the parties that the document is protected work product, and the disclosure was inadvertent, the Court should remove the document from the ECF filing system.

Based on the foregoing, the EEOC respectfully requests that this Court order that the document containing Investigator Marucci's work product inadvertently filed as ECF No. 4-12 be removed from the Electronic Case Filing system and no longer be accessible by those outside of the agency. The EEOC also requests the Court accept the EEOC's Corrected Memorandum of Law and Declaration from Dana Marucci filed contemporaneously with this Letter Motion.

The EEOC thanks the Court for its consideration of this matter.

                                              Respectfully submitted,

                                              */s/ Lindsay Sfekas*
                                              Lindsay C. Sfekas
                                              Trial Attorney
                                              U.S. Equal Employment Opportunity Commission
                                              New York District Office
                                              lindsay.sfekas@eeoc.gov
                                              929-506-5284

cc: David Schnitzer, DSchnitzer@gibsondunn.com